IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                 CRIMINAL ACTION NO. 3:11-00074-01

BASIM ALI TALOUZI

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Return of Property. ECF No. 200. For the following reasons, the motion is **DENIED**.

### I.      FACTUAL BACKGROUND

On March 2, 2011, Defendant was arrested after negotiating with undercover agents for the purchase of contraband cigarettes, which Defendant intended to purchase on behalf of a co-defendant. *See* Plea Agreement, Stipulation of Facts, ECF No. 69, Ex. A. Defendant was charged in a twenty-four-count indictment, which included charges of conspiracy to transport, receive, possess, purchase and sell contraband cigarettes, and aiding and abetting the distribution of a controlled substance. ECF No. 1. At the time of his arrest, Defendant was found in possession of stacks of $100 bills totaling $27,000. Affidavit of Supervisory Special Agent Todd A. Willard, ECF No. 208, Ex. A, ¶ 6 (hereinafter "Willard Affidavit"). Defendant told agents that the money did not belong to him, but belonged to "the North Carolina guy" for purchase of cigarettes. *Id.* In a separate conversation the following day, co-defendant Nasser Said Saleh

asked agents if Saleh would get his money back, corroborating Defendant's initial statement that the money belonged to Saleh.[1]

The Bureau of Alcohol, Tobacco, and Firearms ("ATF") processed the $27,000 for administrative forfeiture pursuant to 19 U.S.C. § 1607(a). Declaration of Wanda Bossa, ECF No. 208, Ex. B, ¶ 4(b) (hereinafter "Bossa Declaration"). Although Defendant denied ownership of the currency at the time of his arrest, ATF sent notice of seizure and a claim form to Defendant at his last known residence on April 20, 2011. *Id.* The notice was returned to sender undelivered on May 18, 2011, because Defendant was incarcerated on pending criminal charges at the time. *See id.*; Detention Order, ECF No. 28 (Mar. 9, 2011). On July 7, 2011, ATF sent a second notice by first class mail addressed to Defendant's counsel-of-record in the criminal case. Bossa Declaration ¶ 4(c). The notice sent to counsel was not returned and ATF considered it delivered. *Id.* Defendant pleaded guilty on April 4, 2011, ECF No. 68, and was sentenced to 36 months' imprisonment on August 15, 2011, ECF No. 135. ATF administratively forfeited the $27,000 in currency on March 6, 2012. Bossa Declaration ¶ 4(f).

Defendant filed the instant motion in his criminal case on July 26, 2012, styled as a Motion for Return of Property Pursuant to Rule 41(g). He seeks the return of $28,800, in which he now claims an "ownership interest."[2] ECF No. 200. The Court now turns to the applicable standards and the parties' arguments.

---

[1] Saleh traveled to Huntington from North Carolina to complete the transaction and was the "North Carolina guy" to which Defendant referred. *See* Willard Affidavit ¶¶ 2-3.

[2] In addition to the stacked $100 bills, arresting officers also discovered $365 in Defendant's wallet and another $201 in his pants pocket. The government claims, and Defendant does not dispute, that these amounts were returned to Defendant's brother at Defendant's direction. Affidavit of Special Agent Todd A. Willard, ECF No. 208, Ex. A, ¶ 9. Defendant's Motion, however, demands return of $28,800. ECF No. 200 at 4. He offers no evidence or explanation for this amount or the discrepancy.

## II. ANALYSIS

### A. Standard

Federal Rule of Criminal Procedure 41(g) provides: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Where a criminal case has been closed and seized property already been declared forfeited, "[i]t seems unlikely that Rule 41[(g)] provides a remedy." *United States v. Minor*, 228 F.3d 352, 356 n.3 (4th Cir. 2000). The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983, created the "exclusive remedy" for seeking to set aside a declaration of forfeiture under a civil forfeiture statute. 18 U.S.C. § 983(e)(5). The Court lacks jurisdiction to review the merits of administrative forfeiture and its review "is limited to determining whether the agency followed the proper procedural safeguards." *See Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005) (quoting *Scarabin v. Drug Enforcement Admin.*, 919 F.2d 337, 338 (5th Cir. 1990)). Because Defendant's criminal proceedings have concluded and the property has already been forfeited, the Court will construe Defendant's motion as one made pursuant to 18 U.S.C. § 983(e). *See United States v. Barnhardt*, 555 F. Supp. 2d 184 (D.D.C. 2008); *Burman v. United States*, 472 F. Supp. 2d 665, 666-67 (D. Md. 2007).

Title 18, United States Code Section 983 allows "[a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice" to file a motion to set aside a declaration of forfeiture. 18 U.S.C. § 983(e)(1). Such motion shall be granted if:

> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

3

*Id.* § 983(e)(1). If such a motion is granted, "the court shall set aside the declaration of forfeiture as to the interest of the moving party without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party." *Id.* § 983(e)(2)(A).

The notice of forfeiture must satisfy constitutional due process. Due process does not entitle a claimant to actual notice of an administrative forfeiture. *See Dusenbery v. United States*, 534 U.S. 161, 168-71 (2002). Instead, it requires notice "'reasonably calculated under all the circumstances' to apprise a party of the pendency of the action." *Id.* at 170-71 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950)). The government bears the burden to show adequate notice. *See Dusenbery*, 534 U.S. at 168; *Minor*, 228 F.3d at 358. Determining whether the government's efforts satisfy due process requires a context-specific inquiry. *See Minor*, 228 F.3d at 358.

### B. Government's Efforts to Provide Notice of Forfeiture

The government argues that because Defendant denied ownership of the currency, he cannot demonstrate that the government "knew, or reasonably should have known, of the moving party's interest" and thus cannot satisfy the first prong under CAFRA. *See* 18 U.S.C. § 983(e)(1)(A). Furthermore, the government contends that it nevertheless took "reasonable

steps" to provide Defendant with notice by mailing notice of the forfeiture to Defendant's attorney. *See id.* § 983(e)(1)(B).[3]

After his arrest, Defendant told agents that the currency did not belong to him. Willard Affidavit ¶ 7. This statement was corroborated by his co-defendant Saleh, who claimed that the currency belonged to Saleh himself. *Id.* ¶ 8. Nonetheless, agents seized the currency from Defendant's person after Defendant had engaged in negotiations for the terms of sale. Defendant's control and possession of the currency gave the government reason to know that Defendant had an interest in it, even if the precise nature of that interest was unknown. Indeed, the government did attempt to notify Defendant of the forfeiture proceedings, which indicates that it knew of Defendant's interest in the currency, or at least believed he was entitled to some notice of the forfeiture. Therefore, the Court will evaluate the sufficiency of the notice provided.

The question is not whether Defendant received actual notice, but "rather whether the procedures utilized by the Government were reliable." *United States v. Allen*, 238 F.3d 415, 2000 WL 1699836, at *1 (4th Cir. 2000) (unpublished); *Minor*, 228 F.3d at 358. The government's initial attempt to provide notice, sent to Defendant's last known residence, did not satisfy its obligations, because the letter was returned as undelivered and Defendant was in

---

[3] The government also argues that Defendant lacks Article III standing to set aside the forfeiture, based on his statement that co-defendant Nasser owned the currency. ECF No. 208 at 1. To satisfy the "case or controversy" requirement of Article III, a claimant must show that he has a "sufficient interest in the property to create a case or controversy." *United States v. $58,000.00 in U.S. Currency*, No. 5:11CV95-RLV, 2012 WL 2884697 (W.D.N.C. July 13, 2012) (quoting *United States v. 8 Gilcrease Lane, Quincy Florida 32351*, 641 F. Supp. 2d 1 (D.D.C. 2009)). A claimant can satisfy this requirement by showing he exercised dominion or control over the property; possession alone is not enough. *See Munoz-Valencia v. United States*, 169 Fed. App'x 150, 151-52 (3d Cir. 2006); *$58,000.00 in U.S. Currency*, 2012 WL 2884697, at *3. In this case, Defendant appeared to exercise dominion and control over the currency when he negotiated for the price of the contraband cigarettes and he also possessed the currency when he was arrested. *See Mantilla v. United States*, 302 F.3d 182, 185 (3d Cir. 2002) (claimant demonstrated sufficient possessory interest for standing where he engaged in negotiations with undercover agents). Moreover, it is understandable why Defendant denied ownership at his arrest. However, because the Court finds that the government provided adequate notice to Defendant's attorney, the Court need not determine whether Defendant satisfied his burden of demonstrating standing despite his earlier denial of ownership. *See United States v. One Lot Jewelry*, 749 F. Supp. 118, 122 n.2 (W.D.N.C. 1990) (observing that despite an initial denial of ownership at the time of arrest, claimants came close to meeting their burden of showing standing through their verified claims to the property, but concluding that the issue was "immaterial," given the court's disposing of the motion other grounds).

custody at the time. *See Minor*, 228 F.3d at 358-59 (concluding that publication notice and notice sent to incarcerated claimant's residence were "mere gestures" (quoting *Mullane*, 339 U.S. at 315)).

After the initial notice was returned, however, the government took additional action in an attempt to effect notice. It sent a notice of forfeiture and claim form to Defendant's counsel-of-record in ongoing criminal proceedings.[4] By taking this subsequent action and directing notice to the attorney known to be representing Defendant in the ongoing criminal action that gave rise to the forfeiture, the government acted as one "desirous of actually informing" Defendant of the forfeiture. *See Allen*, 2000 WL 1699836, at *1 (quoting *Minor*, 228 F.3d at 359) ("We hold that service on [the defendant's] attorney, which was accepted by someone purporting to be the attorney's agent, was sufficient and that, absent any contradictory circumstances, the Government could reasonably assume that Allen had been notified."); *see also Bye v. United States*, 105 F.3d 856, 857 (2d Cir. 1997) (pretrial detainee sufficiently notified where attorney was served with notice and acknowledged receipt); *United States v. Cupples*, 112 F.3d 318, 320 (8th Cir. 1997) (holding that the government must prove actual notice to either the property owner or his criminal defense counsel); *United States v. Stevens*, No. CR 04-00289 WBS, 2009 WL 55919, at *2 (E.D. Cal. Jan. 7, 2009) (collecting cases).

### III. CONCLUSION

The government took reasonable steps to provide Defendant of the forfeiture proceedings by sending notice to Defendant's attorney-of-record in the criminal case that gave rise to the seizure. Notice was mailed to Defendant's attorney during his representation of Defendant in the

---

[4] The letter was sent to Defendant, care of his counsel Tim Carrico, on July 7, 2011. Mr. Carrico was Defendant's counsel-of-record at that time. Defendant was sentenced one month later, on August 15, 2011. Mr. Carrico represented Defendant at sentencing.

criminal case, approximately one month before sentencing.  Therefore, because the government satisfied its constitutional obligations and for the reasons discussed above, the Court **DENIES** Defendant's Motion.  The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals' Service.

        ENTER:     October 2, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE